[No. A128428. First Dist., Div. Five. Nov. 16, 2010.]

In re T.H. et al., Persons Coming Under the Juvenile Court Law.
ALAMEDA COUNTY SOCIAL SERVICES AGENCY, Plaintiff and
Respondent, v.
S.O., Defendant and Appellant.

COUNSEL

Janet H. Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Richard E. Winnie, County Counsel, and Angie J. Lee, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**NEEDHAM, J.**—S.O. (father) appeals from an order that terminated the dependency jurisdiction of the juvenile court over his children, T.H. and V.O., and placed them in the physical custody of their mother, S.S. (mother). (Welf. & Inst. Code, § 362.4.)[1] The judgment included an exit order allowing supervised visitation by father "to be determined by the parents." We agree with father's claim that for all intents and purposes, this improperly delegated to mother the discretion to allow visitation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Father and mother are now separated. Father has a history of drug and alcohol abuse and has committed acts of domestic violence against mother. The children were the subjects of a prior dependency that terminated in January 2008, at which time father was given primary custody and mother was allowed visitation on Wednesdays and holidays.

On June 30, 2008, father threatened mother and the children as mother was taking them away from his house for a visit. Father was arrested, and respondent Alameda County Social Services Agency (Agency) filed a new dependency petition. The juvenile court determined that the children were persons described in section 300, subdivision (b) because (1) mother and father were involved in a verbal confrontation that terrified the children; (2) police found a 19-inch knife in father's home in the presence of the children; and (3) father's home was unsafe and uninhabitable. The children were removed from their parents' custody and their parents were given reunification plans that included visitation.

Father attended his scheduled visits with the children and acted appropriately during those visits. On December 18, 2008, he tested positive for

---

[1] Further statutory references are to the Welfare and Institutions Code.

cocaine. At the six-month review hearing held in April 2009, the court ordered that the children remain in their out-of-home placement and continued reunification services for both parents.

Following positive and missed drug tests in May and June 2009, the court ordered father's visits to be supervised. At the 12-month review hearing held in July 2009, the Agency reported that father was visiting the children consistently, but appeared to be under the influence of alcohol or drugs during the visits and could not properly transport or supervise the children. Another man, a friend of father's, was present for many of the supervised visits. Mother, who was living with her boyfriend and their child in a one-bedroom apartment, had complied with her plan and intended to move to a larger unit and arrange for childcare. The court continued the children as dependents and maintained them in out-of-court custody.

In September 2009, the court placed the children with mother and ordered that she receive family maintenance services. The court also granted a section 388 petition filed by the Agency and terminated reunification services to father. Father agreed to submit to random weekly drug testing and to provide four clean tests before resuming unsupervised visits at the Agency.

Father did not begin drug testing until February 2010. He completed six tests that were negative for drugs but one test was positive for alcohol. At a family maintenance review hearing held in March 2010, the court terminated jurisdiction and granted joint legal custody to mother and father with physical custody to mother. The court also ordered that father have supervised visitation "to be determined by the parents," such visits to take place at "Safe Exchange or a comparable professional visitation site."[2] Father's trial counsel objected to the requirement that visitation be supervised, as well as to the failure of the order to establish a specific visitation schedule. Counsel requested that the court order mediation on the issue, or, alternatively, hold a hearing "on what the proper exit order ought to be given the current situation." The court declined to order mediation because mother did not want to participate. It did not hold a hearing regarding the exit orders.

## II. DISCUSSION

 When a juvenile court terminates its jurisdiction over a dependent child, it is empowered to make "exit orders" regarding custody and visitation.

---

[2] We grant father's request that we take judicial notice of the final judgment filed on March 25, 2010, which includes the custody and visitation orders.

(§§ 364, subd. (c), 362.4; *In re Kenneth S., Jr.* (2008) 169 Cal.App.4th 1353, 1358 [87 Cal.Rptr.3d 715].) Such orders become part of any family court proceeding concerning the same child and will remain in effect until they are terminated or modified by the family court. (*In re Roger S.* (1992) 4 Cal.App.4th 25, 30 [5 Cal.Rptr.2d 208] (*Roger S.*).)

■ The power to determine the right and extent of visitation by a noncustodial parent in a dependency case resides with the court and may not be delegated to nonjudicial officials or private parties. (*In re Donnovan J.* (1997) 58 Cal.App.4th 1474, 1476 [68 Cal.Rptr.2d 714] (*Donnovan J.*).) This rule of nondelegation applies to exit orders issued when dependency jurisdiction is terminated. (See *ibid.*; *In re Chantal S.* (1996) 13 Cal.4th 196, 213–214 [51 Cal.Rptr.2d 866, 913 P.2d 1075].)

A visitation order may delegate to a third party the responsibility for managing the details of visits, including their time, place and manner. (*In re Moriah T.* (1994) 23 Cal.App.4th 1367, 1374 [28 Cal.Rptr.2d 705] (*Moriah T.*).) That said, "the ultimate supervision and control over this discretion must remain with the court . . . ." (*In re Julie M.* (1999) 69 Cal.App.4th 41, 51 [81 Cal.Rptr.2d 354].) Several appellate courts have overturned visitation orders that delegate discretion to determine whether visitation will occur, as opposed to simply the management of the details. (*In re Julie M.*, pp. 48–51 [delegation to child]; *In re Nicholas B.* (2001) 88 Cal.App.4th 1126, 1138 [106 Cal.Rptr.2d 465] [same]; *In re S.H.* (2003) 111 Cal.App.4th 310, 317–320 [3 Cal.Rptr.3d 465] (*S.H.*) [same]; *Donnovan J., supra*, 58 Cal.App.4th at pp. 1476–1478 [delegation to therapist].)

Here, the visitation order provided that supervised visitation would occur, but only upon the "agreement of the parents." As the custodial parent of the children, mother could conceivably agree to only one visit a year or less without violating the letter of the court's order. This is more than simply a delegation of the authority to set the "time, place and manner" of the visitation—it effectively delegates to mother the power to determine whether visitation will occur at all. (Cf. *Moriah T., supra*, 23 Cal.App.4th at p. 1374.) Father's ability to seek a modification or enforcement of the order in the family court does not solve the problem of this unauthorized delegation.

■ The difficulties created by this arrangement are not merely technical. It is clear from the record that father and mother do not get along and that any agreement regarding visitation will be difficult to achieve. Mother objected to father having any visitation at all and did not want to participate in mediation because she did not trust father. Minor's counsel was concerned

about the order providing for joint legal custody because she did not believe the parents could work together to make decisions about the children. While mother's antipathy toward father might be understandable in light of their history, the juvenile court determined that father was entitled to have supervised visitation. It abused its discretion by framing its order in a way that gave mother an effective veto power over that right. (See *In re R.R.* (2010) 187 Cal.App.4th 1264, 1284 [114 Cal.Rptr.3d 765] [order setting visitation reviewed for abuse of discretion].)

In *S.H., supra*, 111 Cal.App.4th at pages 318–319, the court reversed a similar order as one that improperly delegated the visitation decision to the children. There, the juvenile court allowed the mother to have monitored visitation in the social worker's office as part of her reunification plan but did not specify the duration or frequency of those visits. (*Id.* at pp. 316–317.) Noting that the children were fearful of their mother, the court added that the children would not be forced to visit if they refused. (*Ibid.*) The appellate panel concluded that this was an improper delegation of the power to order visits: "[B]y failing to mandate any minimum number of monitored visits per month or even to order that *some* visitation *must* occur each month, the court's abstract recognition of [the mother's] right to visitation is illusory, transforming the children's ability to refuse 'a visit' into the practical ability to forestall any visits at all." (*Id.* at p. 319.) Similarly, while the exit orders in this case recognized father's right to supervised visitation, that right was illusory when left solely to the "agreement" of a parent who was unlikely to agree.

The case must be remanded so that the trial court can exercise its discretion in formulating an order that establishes, at the very least, the amount of visitation to which father is entitled. Given that the family's circumstances may well have changed since the status review hearing at which the dependency was terminated, the court should consider any relevant evidence proffered by the parties regarding the terms of the visitation order. (See *Roger S., supra*, 4 Cal.App.4th at p. 30; *In re Michael W.* (1997) 54 Cal.App.4th 190, 194–196 [62 Cal.Rptr.2d 531] [at status review hearing where court terminates dependency jurisdiction, court should hear evidence relevant to exit orders].)

Our resolution of this issue makes it unnecessary to consider father's remaining arguments regarding the court's failure to hold a hearing on the visitation order and the validity of the requirement that visitation take place at a professional visitation site.

## III. DISPOSITION

The order terminating dependency jurisdiction under section 362.4 is affirmed. The visitation order is reversed and the case is remanded for further proceedings consistent with this opinion.

Simons, Acting P. J., and Bruiniers, J., concurred.