Filed 11/5/14  In re Michael O. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re MICHAEL O.,<br><br>a Person Coming Under the Juvenile Court Law. | B253173<br>(Los Angeles County<br> Super. Ct. No. CK98374) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHEILA H.,<br><br>    Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Anabelle G. Cortez, Judge.  Affirmed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison, Acting Assistant County Counsel, and Stephen D. Watson, Deputy County Counsel, for Plaintiff and Respondent.

Mother Sheila H. appeals from the juvenile court's orders under Welfare and Institutions Code Section 362.4[1] terminating jurisdiction over her sons, Michael O. (Michael) and Anthony R. (Anthony), and granting her monitored visitation. She contends: (1) the court erred by terminating jurisdiction rather than preserving it to ensure that Michael's father, Anthony O. (A.O., not a party to this appeal), complied with the visitation order; (2) the court should have held A.O. in contempt for not cooperating with prior ordered visitation; and (3) the court abused its discretion in requiring mother's visits with Michael and Anthony to be monitored. We affirm the orders.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2013, mother was arrested at home for driving a stolen vehicle. Because her three children were present -- Anthony (12 years old), Michael (6 years old) and Steven H. (2 years old) – they were transported to an office of the Los Angeles County Department of Children and Family Services (DCFS). There, Anthony and Michael told the social worker, among other things, that mother and her live-in boyfriend, Kevin P., would strike them with a belt on their legs and buttocks and slap Steven on his hands. DCFS filed a section 300 petition against mother and Kevin P. as to all three children alleging physical abuse. On March 19, 2013, the juvenile court found a prima facie case that the children were described by section 300. The court released Michael to the custody of his father, A.O. A family law order entered January 3, 2012, gave him joint legal custody of Michael. The court ordered family maintenance services for mother as to Michael and

---

[1]     All undesignated section references are to the Welfare and Institutions Code.

granted her monitored visitation. Anthony R. was released to his father, and Steven was detained in foster care.

Re-interviewed by DCFS in May 2013, Anthony and Michael amplified on their alleged physical abuse by mother and Kevin P. In her interview with DCFS, Mother admitted some of the alleged abuse (putting chili in Anthony's eyes and mouth because he was cursing and striking him with a belt) and denied the rest. As part of an earlier family preservation case that was active when the instant section 300 case began, mother was required to alcohol and drug test. In the instant case, she admitted to DCFS that she had previously abused methamphetamine and alcohol, but stated that she had been clean for six-and-a-half years, though she still consumed alcohol occasionally. Mother enrolled in anger management counseling on June 3, 2013. However, following an incident on June 19, 2013, in which mother threatened to have someone "f . . . up" A.O., he obtained a temporary restraining order against mother.

Mother tested negative for drugs on June 18 and August 7, 2013. She tested positive for opiates and hydrocodone on July 8 and July 30, 2013, but produced medication and a letter from her physician's office stating that the medication would cause a positive test for those substances. As of August 30, 2013, Mother had visited Michael three times. However, she and A.O. did not get along, and A.O. refused to monitor mother's visits.

On August 30, 2013, the court sustained the section 300 petition alleging physical abuse under subdivisions (a)(1), (b)(1), and (j)(1). In September 2013, mother told DCFS that she was able to regularly visit Anthony and Steven, but had difficulty arranging visitation for Michael through A.O. because he would not allow visits. A.O. claimed that mother texted him for a September visit, but did not follow through with him regarding a monitor. The social worker proposed a

visitation schedule to A.O., but he never responded and appeared uncooperative. Meanwhile, mother tested negative for drugs once in August, and twice in September. She attended 10 sessions of her anger management program, but had five unexcused absences. DCFS recommended that mother be granted unmonitored visitation with Michael and Anthony, and that jurisdiction be terminated. On October 11, 2013, pending the disposition hearing, the court ordered unmonitored visitation with Anthony, and monitored visits with Michael and Steven.

Subsequently in October 2013, DCFS learned that Mother was terminated from her anger management program because of absences and noncompliance. She later reenrolled in November 2013 and needed 9 group sessions to complete the program. In the meantime, she failed to appear for a random drug and alcohol test on October 15, tested negative on October 29, and failed to appear again for testing on November 4.

As of November 10, 2013, mother had been unable to visit Michael since the October 11, 2013 proceeding. The social worker called A.O. four times on different days to attempt to arrange visits, but A.O. did not call back. DCFS reported that A.O. had not cooperated in providing visitation, and recommended that the court admonish him and order him to comply with a schedule of visitation.

The disposition hearing was held on November 25, 2013. At the hearing, mother testified that she had been terminated from her anger management class because she could not afford to attend each class. She had been unsuccessful in obtaining visitation with Michael, and wanted the case to remain open to ensure that A.O. would comply with her right to visitation.

Counsel for DCFS asked the court to terminate jurisdiction as to Michael, with a custody order granting A.O. physical custody and mother unmonitored

4

visitation, on condition that she participate in her programs and not miss or have any negative drug tests. DCFS took the same position as to Anthony. The disposition hearing for Steven was continued to another date.

Counsel for Michael and Anthony asked that jurisdiction be terminated, and that mother have monitored visitation. She noted that since the case was opened in March 2013, mother had made little progress and continued to be out of compliance with her family preservation services. She argued: "I . . . don't think it is fair to punish . . . Michael by keeping the case opened simply because it appears . . . the social worker is unhappy with the father [and] maybe [he is] not cooperating with her. I think it is in my client's best interest to close the case [and] for mother's visits . . . to be monitored."

A.O.'s counsel asked for monitored visitation, and stated that A.O. "has generally suggested Saturday and Sunday, from 12:00 to 2:00 p.m. for visits with mother. . . . This is a very detailed visitation suggestion which will ensure mother does get visits. We are asking that before mother['s] visits are not supervised, she complete individual counseling to address anger management." A.O.'s counsel also noted: "At this point, the purpose of dependency is to ensure the safety of these children. The child Michael is safe in the care of his father. Any issues regarding visits [and] custody are better served by the family law court."

Mother's counsel argued that the family law proceeding was inadequate to ensure mother's visitation given A.O.'s history of not cooperating and that Michael's case needed to remain open to ensure mother's visitation. She excused mother's failure to complete her counseling based on mother's testimony that she could not afford it, and argued for unmonitored visitation.

The court terminated jurisdiction over Michael and Anthony. As to Michael, the court ordered that mother and A.O. share joint legal custody, and that A.O.

have sole physical custody.  Agreeing with the comments of minors' counsel, the court ordered monitored visitation for mother with a minimum of two to three visits per week, from 12:00 p.m. to 2:00 p.m.  The court noted the proposed schedule of Saturday and Sunday visits, and stated that if that schedule did not work, the schedule would be as otherwise agreed by the parties.  The court admonished A.O. as follows:  "Mr. [O.], the mother has a right to visit the child, and you need to cooperate with the court's order.  This is going to be the court order . . . [t]hat is dictating the visitation for [mother].  You need to make sure you are complying with the right to visit Michael.  And if not . . . on Saturday and Sunday, as otherwise agreed by the parties.  But the father is to ensure there is a monitor available to serve as the monitor."  The court ordered mother to complete anger management counseling.  During the proceeding, mother interrupted the court to declare that the visitation order was "impossible," and she ultimately left the courtroom before proceedings were completed.

As to Anthony, the court ordered physical custody to father, and joint legal custody, with monitored visitation for mother.


## DISCUSSION

I.    *Termination of Jurisdiction*

Mother contends that the juvenile court erred in terminating jurisdiction over Michael.[2]  She argues that in doing so, the court "abdicated its duty to ensure" mother had visitation.  We disagree.

As here relevant, section 362.4 "states that, when the juvenile court terminates jurisdiction over a minor dependent child, and . . . a custody order has

---

[2]    She does not challenge the termination of jurisdiction over Anthony.

6

been entered with respect to the child, 'the juvenile court on its own motion, may issue . . . an order determining the custody of, or visitation with, the child.' An order entered pursuant to section 362.4 is commonly referred to as an 'exit order.' [Citation.] The exit order is filed in any pending superior court action in which the custody of the child is at issue and if no such action is pending, the exit order can be used to open a file in the superior court of the county of residence of the parent who has been given custody of the child. (§ 362.4.) That order 'shall continue until modified or terminated by a subsequent order of the superior court.' (*Ibid.*)" (*In re Nicholas H.* (2003) 112 Cal.App.4th 251, 269; see *In re Chantal S.* (1996) 13 Cal.4th 196, 203.) We review the juvenile court's decision to terminate dependency jurisdiction and to issue an exit order pursuant to section 362.4 for abuse of discretion. (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300-301.)

Here, the record amply supports the court's decision to terminate jurisdiction over Michael. Michael was residing with A.O., who is a non-offending parent. While in A.O.'s custody, he was no longer in danger of the physical abuse by mother and her boyfriend which had led to dependency jurisdiction in the first place. Given that continued supervision of Michael as a dependent child under section 300 was no longer necessary to ensure his protection, there was no reason to prolong such jurisdiction simply to enforce parental visitation. Although when visitation is part of a reunification plan in an active dependency case the court must take continuing steps to ensure that such visitation occurs (see *In re S.H.* (2003) 111 Cal.App.4th 310, 313), that principle does not apply to an exit order under section 362.4, which contemplates enforcement of visitation through the family court. (See *In re Michelle M.* (1992) 8 Cal.App.4th 326, 328.) True, in ordering visitation the court cannot delegate the decision over the right and extent of

7

visitation to nonjudicial officers or third parties. But here, the court set the terms of visitation by mother -- two to three visits per week, from 12:00 p.m. to 2:00 p.m., with father obligated to provide a monitor. (See *In re T.H.* (2010) 190 Cal.App.4th 1119, 1124 [exit order for visitation must at least set the amount of visitation to which parent is entitled].) The court noted the proposed schedule of Saturday and Sunday visits, and stated that if that schedule did not work, the schedule would be as otherwise agreed by the parties. The order of visitation is specific, and, contrary to mother's contention, does not permit father to refuse visitation. He must permit mother to visit two to three times a week from 12:00 to 2:00. (Cf. *Id.* at p. 1124 [by ordering that visitation was to occur only by agreement of the parents without specification of amount of visitation, court improperly gave custodial parent the power to determine whether visitation occurred at all].) Given this specificity and the absence of any need for continuing supervision of Michael, it was reasonable for the court to conclude that if A.O. persisted in his resistance to visitation, family court was the proper venue for mother to seek enforcement.

To the extent mother argues that the court failed to adequately admonish A.O. to obey the visitation order, we find no abuse of discretion. The court told A.O. that mother had the right to visitation and that he needed to cooperate with the court's order. No more was required. In any event, even if no admonition had been given at all, that would not be a reason to overturn the decision to terminate jurisdiction.

As best we understand, mother suggests that before terminating jurisdiction, the court should have used its contempt power against A.O. to enforce its visitation order. Mother did not raise the issue in the juvenile court, and it is therefore forfeited. Regardless, as we have already concluded, the court did not abuse its

discretion in terminating jurisdiction and leaving any proceeding for enforcement to the family court.

II.    *Visitation*

Mother contends that the court erred in ordering monitored visitation for Anthony and Michael.[3]  We disagree.

"[T]here are situations in which a juvenile court may reasonably determine that continued supervision of the minor as a dependent child is not necessary for the child's protection, and at the same time conclude that conditions on visitation are necessary to minimize, if not eliminate, the danger that visits might subject the minor to the same risk of physical abuse or emotional harm that previously led to the dependency adjudication.  In such a situation, sections 362.4 and 362(c) authorize the juvenile court to issue an appropriate protective order conditioning custody or visitation on a parent's participation in a counseling program."  (*In re Chantal S*., *supra*, 13 Cal.4th at p. 204.)

Here, the record showed that mother had anger management problems. Section 300 jurisdiction was based on mother's participation in physical abuse of Michael and Anthony.  Also, during the pendency of the case, she had threatened A.O., after which he obtained a temporary restraining order against her.  Although she had enrolled in anger management counseling, she had not completed the program.  Also, her drug testing was inconsistent.  Given these facts, the court could reasonably conclude that at least until mother completed anger management

---

[3]    Although mother argues that the court erred in ordering monitored visitation for Steven, no such order was made, because the disposition hearing for him was continued to another date after the hearing for Anthony  and Michael and is not part of the record on appeal.

Because DCFS recommended unmonitored visitation, it takes no position on this issue.

counseling, monitored visitation was appropriate to prevent any recurrence of potentially violent behavior between mother and A.O., and to prevent the recurrence of mother's physical abuse of Michael and Anthony. Upon completing anger management, mother can seek modification of the visitation order in the family court. We find no abuse of discretion in the court's reasoning.

## DISPOSITION

The orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

MANELLA, J.

EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.