Filed 11/13/14  In re I.P.  CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re I.P., a Person Coming Under the Juvenile Court Law. | |
| | D065735 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J518574) |
| v. | |
| MOHAMMAD S., | |
| Defendant and Appellant; | |
| PAULA P., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Dana C. Shoffner, Deputy County Counsel, for Plaintiff and Respondent.

Jamie A. Moran, under appointment by the Court of Appeal, for Respondent, Paula P.

Mohammad S. appeals the juvenile dependency court's order that he bear the cost of his supervised visits with his minor daughter, I.P.  Mohammad contends the court exceeded its jurisdiction and abused its discretion.  We affirm.

BACKGROUND

In December 2012, the San Diego County Health and Human Services Agency filed a dependency petition for three-year-old I.P.  The petition alleged she was exposed to violence between her mother, Paula P., and Mohammad.  I.P. was detained with a relative.  In January 2013, the court entered a true finding on the petition, ordered I.P. placed with a relative and issued a restraining order protecting Paula from Mohammad.  I.P. then began a 60-day trial visit with Paula.  In July, the trial visit became a placement.

Mohammad's visits were supervised.  He did not take advantage of all the visitation he was allowed.  In March 2013, he was arrested, jailed and charged with violating the restraining order and other offenses.  Mohammad was released from jail in November.

In April 2014, the court awarded custody of I.P. to Paula and allowed Mohammad supervised visits on Sundays, Wednesdays and Fridays from 2:00 p.m. to 7:00 p.m. Paula and Mohammad agreed on a supervisor, a family friend.  The court ordered that Mohammad would bear the entire cost of supervision at the Family Visitation Center

2

should that be required, ordered Paula to investigate an alternative supervisor, and authorized supervision by any person agreed upon by Paula and Mohammad. The court terminated dependency jurisdiction.

DISCUSSION

Mohammad contends that by ordering him to bear the entire cost of supervision at the visitation center, the court abused its discretion by unreasonably limiting his visits and acted in excess of its jurisdiction.

When making a custody order and terminating dependency jurisdiction, the court may make a visitation order (Welf. & Inst. Code,[1] § 362.4) and place reasonable conditions on visitation (*In re Chantal S.* (1996) 13 Cal.4th 196, 202-204, 213 [father's visitation conditioned on his progress in therapy; father to be financially responsible for visits]). We review a visitation order for abuse of discretion. (*In re Stephanie M*. (1994) 7 Cal.4th 295, 318-319; *In re Alexandria M*. (2007) 156 Cal.App.4th 1088, 1095.)

In the juvenile court here, the only contested issue was "who is going to pay for visitation at a family visitation center." Mohammad did not contend the court lacked jurisdiction to order that he bear the entire cost. Instead, he asserted that he and Paula should share the cost. Thus, Mohammad impliedly conceded the court had jurisdiction to decide who should pay. Mohammad has forfeited his right to assert on appeal that the court lacked jurisdiction. (*In re Valerie A*. (2007) 152 Cal.App.4th 987, 1001; *In re A.S.* (2009) 180 Cal.App.4th 351, 360, fn. 6.)

---

[1]  Statutory references are to the Welfare and Institutions Code unless otherwise specified.

Mohammad complains that section 362.4 does not "specifically authorize[] a juvenile court to order a parent to pay for the cost of supervised visits . . . after a dependency is terminated."  The lack of an express mention of cost in section 362.4 does not deprive the court of the power to address that issue where, as here, it is essential to setting up a complete, workable system of visitation.  To conclude otherwise would deprive the court of its statutory power to make a visitation order.  " 'In our view section 362.4[, by] authorizing the court to make . . . visitation orders[,] implicitly authorizes the court to make collateral orders . . . that are reasonably related to the . . . visitation orders.' "  (*In re Chantal S., supra,* 13 Cal.4th 196 at p. 204.)  Mohammad's citation of section 900 et seq. is also unavailing; generally, those sections relate to government support of dependent children and parents' liability for that support.

Furthermore, there was no abuse of discretion.  Mohammad argues that requiring him to pay the entire cost of the visitation center constituted "a gratuitous tax" designed to punish him for his failure to reunify and was contrary to I.P.'s best interests.  The court expressly determined that its order was "not a matter of punishment but . . . a matter of fairness" and the record supports that determination.  Since Mohammad's visits had to be supervised, the court had to address how the supervision would be accomplished.  It was reasonable for the court to conclude that given the history of the case and the reasons for the supervision requirement, "the interest of equity or fairness" dictated that Paula should not bear the cost of supervision.  Paula had achieved reunification and bore the expense of caring for I.P.  Mohammad's inability to control himself had led to violation of the restraining order, driving under the influence and jail.  As a result, Mohammad had never

4

achieved unsupervised visitation. It was fair that he bear the expense of any visits at the visitation center. There is no indication the order was inimical to I.P.'s best interests.

Mohammad argues the court's order amounted to a delegation to Paula of the power to determine visits, which would be infrequent or nonexistent. He premises this argument on the family friend's inability to supervise all visits, the probability Paula would not agree to an additional supervisor and the likelihood that "Mohammad . . . lacked the ability to pay," Mohammad's premises are pure speculation. Moreover, his reliance on *In re T.H.* (2010) 190 Cal.App.4th 1119 is misplaced. In that case, "[t]he court . . . ordered that father have supervised visitation 'to be determined by the parents' . . . ." (*Id.* at p. 1122.) Such is not the case here.

Finally, Mohammad contends that if he seeks a change of the visitation order in family court, he will be prejudiced. He asserts he will not have appointed counsel; he will have the burden of proof; the family court will defer to the dependency court; and the matter is likely to be handled informally, without a contested hearing. At best, this contention is speculative. We presume the family court knows the law and properly applies it. (*In re Elizabeth M.* (2008) 158 Cal.App.4th 1551, 1556, citing Evid. Code, § 664.)

5

DISPOSITION

The order is affirmed.

                                                          HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.