Filed 6/4/15  In re An. M. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re An.M. et al., Persons Coming Under the Juvenile Court Law. | B260533 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. DK00667) |
| Plaintiff and Respondent, | |
| v. | |
| R.M., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court for the County of Los Angeles. D. Zeke Zeidler, Judge.  Affirmed as modified.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

**SUMMARY**

R.M., the father, appeals from a juvenile court custody order that terminated dependency jurisdiction over his two daughters, An.M. and Ab.M., and placed them in the sole physical and legal custody of their mother, with monitored visits for father. Father contends the court should have given the parents joint legal custody. He also contends the court's written exit orders erroneously required father to participate in a parenting course, even though the court's oral ruling indicated father had already completed that course.

We direct modification of the exit orders to conform to the court's oral ruling, but otherwise affirm the court's orders.

**FACTS**

This is father's second appeal in this dependency proceeding.

In April 2014, the juvenile court entered jurisdictional and dispositional orders concerning the two children. The jurisdictional order found that father, a war veteran, had a history of engaging in violent alterations, and had physically assaulted his 86-year-old grandmother for no reason. Father's behavior, and previous violent altercations with the mother, placed the children at risk of physical harm. At the time, father and mother shared custody of the two girls, with father having 30 percent custody and mother 70 percent.

The juvenile court removed the children from father and ordered the children placed with mother, with monitored visits for father at least twice a week. The court also ordered father to attend and complete a domestic violence anger management, 52-week certified batterer intervention program, parenting education, and individual counseling, and ordered a psychological assessment and psychiatric evaluation.

Father appealed, and in December 2014 we affirmed the juvenile court's jurisdictional and dispositional orders. (*In re An.M.* (Dec. 31, 2014, B256924) [nonpub. opn.].)

In the interim, on October 1, 2014, the court held a review hearing under Welfare and Institutions Code section 364. (Under section 364, when a child is not removed from

a parent's physical custody, a status review hearing is held six months after the dispositional hearing to determine whether continued supervision is necessary. (*Id.*, subds. (a) & (c).))

At the outset of the review hearing, the court observed that the Los Angeles County Department of Children and Family Services (the Department) was recommending termination of jurisdiction, with an order for joint legal custody with physical custody to mother. The court indicated that, "[i]n light of the domestic violence aspect of the case, my tentative is for sole legal and physical [custody] to the mother," and then invited argument.

Father's counsel asked for joint legal custody. Mother sought sole legal custody. The children's counsel recommended "that this case close with a family law order giving the mother joint legal and sole physical custody." The court terminated jurisdiction "with a custody order granting the mother legal and physical custody."

Father then asked to address the court, stating that "[h]orrible misrepresentations" of father had been made by mother, his family and the Department. The court questioned father about his compliance with the orders the court made at the April 2014 hearing, and observed: "Well, right now I'm not going back to the issues of what things your wife said about you or others said about you. I'm dealing to the extent which you did the programs that I ordered you to do in order to show that you could safely have custody of your children." Further, the court said, "And you were told April 8 what things you needed to do in order to work towards unmonitored visits and custody. And the only thing you've done of those is parenting. . . . So that's our problem today. Not your wife, not allegations she's made or anything else, but the progress you've made in the court-ordered programs. [¶] . . . [¶] . . . And the only thing that's going to change today is that once you've done the things you need to do, you can go to the family law court instead of to my court to show that progress and to show letters from the psychiatric evaluator, the individual therapist regarding the issues you've dealt with, and the extent to which you've resolved those issues to show that you can have at least unmonitored contact if not shared custody."

After hearing further from father about financial and other problems, the court concluded: "I totally understand the problems you encountered, but my issue today is the extent to which this court needed to continue to be involved, and the extent to which I can outline for the family law court what they need to be looking at once you go to them asking for a change in court orders." After a discussion of a monitor for father's visits, the court concluded that father's visits were to be arranged through the monitor, and "all of the contact is to be through the monitors." The court then stated, "I'll cross off 'parenting' as one of the things [father] still needs to make substantial progress in."

The court's written orders provided that father would have supervised visitation for one hour, once a week minimum, to be arranged through the monitor. An addendum showing the reasons for supervised visitation stated that father had not completed, and had not made substantial progress in, several court ordered programs, including a domestic violence offenders program/anger management 52-week batterer intervention program, parenting classes, individual counseling, and psychological/psychiatric evaluation, including any indicated protocol.

Father filed a timely notice of appeal.

## DISCUSSION

"When a juvenile court terminates its jurisdiction over a dependent child, it is empowered to make 'exit orders' regarding custody and visitation. [Citations.] Such orders become part of any family court proceeding concerning the same child and will remain in effect until they are terminated or modified by the family court. [Citation.]" (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1122-1123.) The court's primary consideration in any custody determination "must always be the best interests of the child." (*In re Nicholas H.* (2003) 112 Cal.App.4th 251, 268.) "[W]hen a court has made a custody determination in a dependency proceeding, ' "a reviewing court will not disturb that decision unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination [citations]." ' [Citations.] " (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

4

Father contends the court abused its discretion when it granted sole legal custody to mother, but offers no reasoned basis for that contention. He simply asserts that the Department and the children's attorney, both of whom recommended joint legal custody, "could best assess the children's best interest." But no rule of law requires or permits the juvenile court to defer to recommendations from the parties. The only issue is whether the court's determination " ' "exceed[s] the bounds of reason." ' " (*In re Stephanie M., supra,* 7 Cal.4th at pp. 318-319.) Here, the court was clearly concerned with "the domestic violence aspect of the case," and it was entirely rational to conclude mother should not be burdened with consulting father on medical or other custodial decisions relating to the children, particularly when father had entirely failed to comply with court orders addressing his anger management issues. There was plainly no abuse of discretion.

Father also complains, in a single sentence, about "break[ing] the children's family ties with their father by ordering . . . only one hour of monitored visitation per week with their father." But father did not request any particular visitation order at the hearing; the order provides for a "minimum" of one hour once a week; and father offers no reason why the order was erroneous. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 410 [appellant forfeited claim of error where her brief contained only a conclusion unsupported by any legal analysis].) Accordingly, we find no error in the visitation order.

Finally, father contends the court's written order erroneously required father to participate in a parenting course he had already completed. The transcript of the hearing shows father is correct, and the Department concedes this is so. Accordingly, the exit orders must be modified to eliminate "parenting classes" from the list of court-ordered programs father has not completed.

## DISPOSITION

The juvenile court's order of October 1, 2014 ("Custody Order – Juvenile – Final Judgment") is modified, in the "Addendum to Custody Order – Juvenile (form JV 200/JV 205)," by striking "PARENTING CLASSES" from the list of court ordered programs

father has not completed and as to which father has not made substantial progress.  In all other respects, the juvenile court's orders of October 1, 2014, are affirmed.

GRIMES, J.

We concur:

BIGELOW, P. J.


RUBIN, J.