Filed 8/22/16  In re Julie F. CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re JULIE F., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B268939 (Super. Ct. No. J070685) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIA L.,<br><br>    Defendant and Appellant. | |

The trial court terminated dependency jurisdiction and issued a family law exit order.[1]  It granted F.F. (Father) legal and physical custody of 16-month-old Julie F. and ordered monthly four-hour supervised visits for Maria L. (Mother).  Mother contends the court improperly delegated control over supervised visits to Father and abused its discretion when it imposed limits on the duration and frequency of her visits.  We affirm.

---

[1] Welfare and Institutions Code section 362.4.

BACKGROUND

Mother has a long history of substance abuse and related criminal activity. In other dependency proceedings, Mother did not reunify with five of her eight children, four of whom were "born drug exposed."

In September 2015, Mother shared custody of 14-month-old Julie with Father. She also had custody of 14-year-old Savanah A., Julie's half sibling. Mother was on probation and working as the manager of a residential recovery center. She relapsed, left the center, and absconded from probation supervision. A warrant issued for her arrest. On September 14, the Ventura County Human Services Agency (Agency) detained Savanah but could not locate Mother or Julie. On September 22, Father filed an application in family court for sole custody of Julie. Father has sole custody of their other two children.

On September 27, Mother tried to cash a fraudulent check. Julie was with her. Mother had methamphetamine and a pipe in her clothing. She was arrested. The Agency removed Julie from her care. (Welf. & Inst. Code, § 300, subds. (b), (j).) The juvenile court found prima facie evidence to detain Julie. The Agency placed Julie in foster care and, later, with Father.

On December 1, 2015, the juvenile court conducted a contested jurisdiction and disposition hearing. It received the Agency's September and November reports in evidence. Mother appeared and testified. The family's social worker also testified.

The court sustained the petition. It found supervision was no longer necessary because Father was adequately providing for and protecting Julie. It terminated dependency, dismissed the case, and issued an order granting sole physical and legal custody to Father with monthly four-hour supervised visits to Mother.

DISCUSSION

When the juvenile court terminates jurisdiction over a dependent minor whose parents are involved in family court proceedings, it may issue an "exit order" which will govern custody or visitation until the family court terminates or modifies the

2

order.  (Welf. & Inst. Code, § 362.4.)  We review the order for abuse of discretion.  (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300.)

We conclude the juvenile court's exit order does not improperly delegate control over supervised visits to Father and the juvenile court did not abuse its discretion when it restricted Mother's visits.

A juvenile court may not delegate to one parent the power to determine whether visits with the other parent will occur.  (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1123 [exit order granting visitation '"upon agreement of the parties"' was an abuse of discretion].)  The Agency recommended monthly visits supervised by "[Father] or a person approved by [F]ather."  When the court indicated it would adopt the Agency's proposed order, Mother protested that Father would not approve any visits.  The court stated, "I'll adopt the Agency's proposed findings and orders.  I'll include in the order that a professional supervisor can provide supervised visits whether [Father] agrees to the supervisor or not."

The December 1 minute order incorporated the Agency's proposed order.  But on December 2, the court signed a custody order and final judgment on which it clarified that the monthly four-hour visits "will be supervised by . . . professional supervisor or a person of mutual agreement."  Thus, Father does not unilaterally control Mother's visits.

The court did not abuse its discretion when it required supervision and restricted the duration and frequency of Mother's visits.  Mother's continuing substance abuse poses risks to Julie, notwithstanding the bond between them.  As the social worker testified, Julie and Mother have a bond that should be fostered.  But Mother has not addressed her substance abuse and she absconded with the child.  Her testimony demonstrates her strong desire to regain custody of her daughter, but it does not demonstrate insight into her daughter's needs or her own need for treatment.  When Mother's counsel asked her, "[H]ow would you envision the visits would go?  [¶] . . . [¶] Unsupervised?  You have the child for a day?  How would you describe it?"  Mother did

not answer the question. When her counsel asked, "[W]hen you're out of custody, do you plan on engaging in some services?" Mother changed the subject.

Mother told the court she was sober for 33 months before her relapse, and said, "I feel like I'm being singled out." She expressed concerns about Father's domestic situation and his parenting abilities. But she did not describe any plans for providing for Julie, protecting her during visits, or otherwise changing the circumstances that brought about the removal. She did not express any remorse about absconding with the child. She said, "Yes, I was missing with my daughter, because I feared to be away from her. . . . This is my last baby and I'm going to fight for her."

"[T]here are situations in which a juvenile court may reasonably determine that continued supervision of the minor as a dependent child is not necessary for the child's protection, and at the same time conclude that conditions on visitation are necessary to minimize, if not eliminate, the danger that visits might subject the minor to the same risk of physical abuse or emotional harm that previously led to the dependency adjudication." (*In re Chantal S.* (1996) 13 Cal.4th 196, 204.) The conditions on Mother's visits were reasonably necessary to minimize the risk of harm to Julie.

## DISPOSITION

The custody order and final judgment are affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Tari L. Cody, Judge

Superior Court County of Ventura

_____


Patti L. Dikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Leroy Smith, County Counsel, and Joseph J. Randazzo, Assistant County Counsel, for Plaintiff and Respondent.