Filed 6/13/22 In re D.P. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re D.P. et al., Persons Coming Under the Juvenile Court Law. | B314159<br><br>(Los Angeles County Super. Ct. No. 20CCJP01588A-C) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARMANDO P.,<br><br>    Defendant and Appellant;<br><br>KARINA C.,<br><br>    Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Tamara Hall, Judge. Affirmed in part and dismissed in part.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent Los Angeles County Department of Children and Family Services.

Shaylah Padgett-Weibel, under appointment by the Court of Appeal, for Respondent Karina C.

––––––––––––––––––––––––

Armando P., the father of 12-year-old D.P., nine-year-old A.P. and six-year-old K.P., appeals the juvenile court's orders terminating dependency jurisdiction and awarding sole physical and legal custody to the children's mother, Karina C. Armando also seeks a remand to permit the juvenile court to modify a September 2020 restraining order to allow him to contact Karina to arrange visitation with the children, as authorized by the juvenile custody order. We affirm the order terminating dependency jurisdiction and the court's juvenile custody order. We dismiss Armando's request to remand the cause for modification of the restraining order as not within our jurisdiction in this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Sustained Petition and Disposition Orders*

The Los Angeles County Department of Children and Family Services filed a petition on behalf of D.P., A.P. and K.P. on March 20, 2020 pursuant to Welfare and Institutions Code section 300, subdivisions (a) (nonaccidental infliction of serious physical harm), (b) (failure to protect) and (j) (sibling abuse).[1] On September 9, 2020 the juvenile court sustained the petition,

––––––––––––––––––

[1] Statutory references are to this code unless otherwise stated.

2

finding true allegations under subdivisions (a) and (b) that Armando and Karina had a history of domestic violence in the presence of the children; Armando had struck Karina with his fist, slapped her face and pushed her to the ground; and Karina failed to protect the children by allowing Armando to reside in the home and have unlimited access to them. The court also found true allegations under subdivisions (b) and (j) that Armando had physically abused each of the three children and Karina had failed to protect them from that abuse.

D.P., A.P. and K.P. were declared dependent children of the court, removed from Armando's care and custody and released to Karina under the supervision of the Department. Family maintenance and family preservation services were ordered for Karina. Enhancement services were ordered for Armando, including a 52-week domestic violence program and individual counseling with a Department-approved therapist to address anger management and other case issues. Armando's visitation with the children was to be monitored and to take place outside the family home. The court authorized the Department to liberalize visitation and directed it to provide Armando with a written visitation schedule.

2. *The Restraining Order*

The week before the Department filed the section 300 petition, Karina obtained a temporary restraining order protecting her and the children from Armando. The order required Armando to move out of the family residence and to stay away from Karina, the children, their home, Karina's workplace and the children's school or child care. The juvenile court reissued the temporary restraining order on May 19, 2020.

On September 11, 2020, two days after the jurisdiction and disposition hearings, the court heard Karina's request for a permanent restraining order. The court issued a three-year restraining order, which protected only Karina, not the children. The order prohibited Armando from contacting Karina and required him to stay at least 100 yards away from her, her home, workplace and vehicle. The box on the restraining order form that would except contact for the purpose of visitation with the children was not checked.

### 3. *The Section 364 Review Hearings, Termination of Jurisdiction and the Court's Juvenile Custody Order*

At the end of October 2020 the Department approved unmonitored visitation for Armando, which began on November 1 and took place on Sundays between 10 a.m. and 6 p.m. The visits were held at a paternal uncle's home or outdoors. Reports of the visits were positive.

In its February 23, 2021 report for the initial section 364 review hearing on March 10, 2021, the Department recommended the court terminate jurisdiction with a custody order awarding sole physical custody to Karina, joint legal custody and unmonitored visitation for Armando. In a last minute information report filed March 9, 2021, however, the Department stated Armando had not provided an update on his enrollment in individual counseling or the 52-week domestic violence classes for perpetrators ordered by the court. Because of Armando's noncompliance with court-ordered services, the Department changed its recommendation and requested the court limit Armando to monitored visitation. At the hearing the Department reiterated its recommendation for monitored visitation based on the court's findings of domestic violence and physical abuse of the

4

children and the fact Armando, at most, had only recently started his programs.

The court indicated its tentative view was to award Karina sole physical and legal custody of the children, an outcome Karina supported. Armando and the children's counsel asked that visitation remain unmonitored. The court expressed concern about the inconsistency in the Department's position on visitation, allowing it to be unmonitored before Armando even began his programs but then recommending it return to monitored upon termination of dependency jurisdiction. Counsel for the Department said she would need to speak to her client to explain its rationale for the change. The court continued the hearing to April 5, 2021.

The Department filed a further last minute information report for the court on April 1, 2021. The report stated Armando had provided proof of his enrollment in March 2021 in both individual therapy and a domestic violence group for perpetrators and Karina had told a Department social worker she had no safety concerns when the children visited with Armando. The children also said they were not concerned for their safety and had asked for additional visits with Armando. The social worker discussed with both Karina and Armando the possibility of keeping the case open to allow for Armando to make continued progress, and both parents approved the concept. The Department, therefore, recommended that the court continue family maintenance for Karina and enhancement services for Armando for an additional three months and also recommended that Armando's visitation remain unmonitored.

At the outset of the continued section 364 hearing on April 5, 2021, the court again stated its tentative view was to

grant sole legal custody to Karina, explaining, "This is domestic violence. Father has not completed his domestic violence. And per the law, joint legal is not an option." The Department repeated the recommendation from its April 1 report, suggesting the case remain open for another three months, noting Karina and Armando consented to that plan. The court agreed, found continued supervision was necessary and scheduled another section 364 review hearing for July 6, 2021.

In its report for the July 6, 2021 section 364 review hearing, the Department recommended the court terminate dependency jurisdiction and enter a juvenile custody order awarding sole physical custody to Karina and joint legal custody to Karina and Armando with unmonitored visitation for Armando. As to visitation, the report stated, "The children have expressed feeling safe and happy when visiting with their father and would like to continue with the current schedule."

At the hearing Armando's counsel asked the court to keep the case open to allow Armando to make further progress with the goal of a joint physical and legal custody order at termination. Karina and children's counsel asked the court to terminate jurisdiction with the joint legal/sole physical custody order recommended by the Department.

The court, finding Karina was in full compliance with her case plan and there were no safety issues concerning the children, terminated its jurisdiction and stated it would enter a custody order awarding sole physical and legal custody of the three children to Karina with unmonitored visitation for Armando.

The juvenile custody order entered July 13, 2021 provided Karina with sole physical and legal custody of the children and

unmonitored visitation for Armando.  The order stated, "Parents are to agree to visitation schedule."  The order attached Armando's case plan and explained, "Parents may modify the custody order in family court upon Father's substantial completion of said case plan."

Armando filed a timely notice of appeal on July 20, 2021.

## DISCUSSION

1. *The Juvenile Court Did Not Abuse Its Discretion in Terminating Jurisdiction and Ordering Sole Legal and Physical Custody to Karina*

   a. *Governing law and standard of review*

Section 364, subdivision (a), requires the juvenile court to schedule a review hearing at least every six months for a dependent child who has not been removed from the physical custody of his or her parent or guardian.  At the hearing dependency jurisdiction must be terminated unless the conditions that created the need for supervision still exist or are likely to exist if supervision is discontinued:  "After hearing any evidence presented by the social worker, the parent, the guardian, or the child, the court shall determine whether continued supervision is necessary.  The court shall terminate its jurisdiction unless the social worker or his or her department establishes by a preponderance of evidence that the conditions still exist which would justify initial assumption of jurisdiction under Section 300, or that those conditions are likely to exist if supervision is withdrawn."  (§ 364, subd. (c); see *In re T.S.* (2020) 52 Cal.App.5th 503, 512-513; *In re Shannon M.* (2013) 221 Cal.App.4th 282, 290 [section 364, subdivision (c), establishes a "statutory presumption in favor of terminating jurisdiction and

7

returning the children to the parents' care without court supervision"].)

"The juvenile court makes this determination based on the totality of the evidence before it." (*In re Armando L.* (2016) 1 Cal.App.5th 606, 615.) We review the court's decision to terminate dependency jurisdiction for abuse of discretion. (*In re Destiny D.* (2017) 15 Cal.App.5th 197, 211-212; *Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300.) "'"The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason."'" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

When the juvenile court terminates its jurisdiction over a child who has been declared a dependent child of the court, the court, "on its own motion, may issue . . . an order determining the custody of, or visitation with, the child." (§ 362.4, subd. (a); see *In re T.S.*, *supra*, 52 Cal.App.5th at p. 513.)[2] Section 362.4 specifies that order "shall continue until modified or terminated by a subsequent order of the superior court" and directs the order be filed in a pending family law proceeding (§ 362.4, subd. (b)) or, if there is none, as part of a new family court file (§ 362.4, subd. (c)).

When making a custody determination under section 362.4, "'the court's focus and primary consideration must always be the best interests of the child.'" (*In re T.S.*, *supra*, 52 Cal.App.5th at

---

[2] Once a child has been adjudged a dependent of the juvenile court pursuant to section 300, "any issues regarding custodial rights between his or her parents shall be determined solely by the juvenile court . . . so long as the child remains a dependent of the juvenile court." (§ 302, subd. (c); see *In re Anna T.* (2020) 55 Cal.App.5th 870, 876.)

8

p. 513; accord, *In re Nicholas H.* (2003) 112 Cal.App.4th 251, 268; *In re John W.* (1996) 41 Cal.App.4th 961, 965 ["it is the best interests of the child, in the context of the peculiar facts of the case before the court, which are paramount"]; see *In re Chantal S.* (1996) 13 Cal.4th 196, 206.)

We review a juvenile court custody order, like the order terminating jurisdiction, for abuse of discretion. (*In re C.W.* (2019) 33 Cal.App.5th 835, 863; *In re M.R.* (2017) 7 Cal.App.5th 886, 902; see *In re T.H.* (2010) 190 Cal.App.4th 1119, 1124.) We "may not disturb the order unless the court ""exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination."""" (*Bridget A. v. Superior Court*, *supra*, 148 Cal.App.4th at pp. 300-301.)

b. *Termination of jurisdiction was appropriate in light of Karina's successful completion of her case plan*

Disregarding the statutory mandate that dependency jurisdiction must be terminated unless the social worker or the child protective agency establishes that continued court supervision is necessary to protect the children, as well as the abuse-of-discretion standard of review for an order terminating dependency jurisdiction, Armando argues the court abused its discretion in terminating jurisdiction because keeping the case open would have allowed him to complete his programs, making joint custody orders possible.

Based on ample evidence set forth in the Department's reports—unchallenged by Armando in the juvenile court or on appeal—the court found Karina, whose sole offense was failing to protect the children and herself from Armando's repeated acts of violence, had fully complied with her case plan and the children were safe in Karina's care. Particularly with a three-year

9

restraining order in place, there was, as the court ruled, no reason to keep the case open.[3]

Armando also contends it was an abuse of discretion to terminate dependency jurisdiction because of the apparent inconsistency between the no-contact provision in the September 2020 restraining order and the direction in the juvenile custody order for Karina and Armando to agree to his visitation schedule. Whatever else may be said about this purported issue, which we address in section 2, it has absolutely nothing to do with the children's safety in Karina's care and the absence of any continuing need for the family's involvement in the dependency system.

<blockquote>

c.  <em>The juvenile court custody award was well within the juvenile court's broad discretion</em>

</blockquote>

Emphasizing the juvenile court's statement at the April 5, 2021 section 364 hearing that, "per the law," joint legal custody was not an option in a case involving domestic violence, Armando argues the court committed legal error when it awarded sole legal custody of the children to Karina on July 6, 2021 by implicitly relying on Family Code section 3044, which creates "a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child." As Armando explains, this Family Code presumption is not applicable to custody decisions made in dependency proceedings,

_____

[3]  Terminating dependency jurisdiction did not preclude Armando from continuing with his domestic violence program or completing other aspects of the case plan ordered by the juvenile court. To the contrary, as discussed, the court encouraged Armando to complete his case plan and to seek a revised custody order from the family court once he had done so.

10

which are governed by the Welfare and Institutions Code: "'[T]he juvenile court, which has been intimately involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child without any preferences or presumptions.'" (*In re C.M.* (2019) 38 Cal.App.5th 101, 110, italics omitted.)

Even if the court's undefined reference to "the law" on April 5, 2021 was to Family Code section 3044, however, the court made no similar suggestion it was applying an improper presumption when it awarded sole legal custody to Karina on July 6, 2021. It is that ruling, not a statement of tentative views made three months earlier, that is before us. "In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law.'" (*People v. Thomas* (2011) 52 Cal.4th 336, 361; accord, *McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1103 ["[w]e presume the trial court knew and properly applied the law absent evidence to the contrary"]; *Keep Our Mountains Quiet v. County of Santa Clara* (2015) 236 Cal.App.4th 714, 741 ["'[i]t is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties'"].) There is no such evidence here.

Armando also contends the court abused its discretion in awarding sole legal custody to Karina because he had participated in court-ordered services; complied with the no-contact restraining order; and not missed any visits with his children, who reported they felt safe when with him. While it may well have been within the court's broad discretion to order joint legal custody in this case, as the Department had

11

recommended, it was not arbitrary or irrational for the court to conclude it was in the best interest of the children to award sole physical and legal custody to Karina.

As the court explained when it made its ruling on July 6, 2021, the significance of the award of sole legal custody was that Karina did not "have to ask, inquire, give the input of the father when making any parental decision regarding your children." Given the still early stage of Armando's efforts to address the domestic violence that gave rise to the dependency proceedings and the existence of a no-contact restraining order, which will remain in effect at least through September 2023, permitting Karina to make all necessary decisions affecting the children's welfare without first contacting Armando did not exceed the bounds of reason. (See *In re Stephanie M.*, *supra*, 7 Cal.4th at pp. 318-319.)

2. *Armando's Request for Modification of the September 2020 Restraining Order Is Not Properly Before Us*

Armando contends the no-contact provision in the September 2020 restraining order prohibiting him from speaking to Karina is inconsistent with the juvenile custody order that directs Karina and Armando to agree on a schedule for Armando's unmonitored visitation with the children. He contends, even if we affirm the juvenile custody order, the cause should be remanded to allow the juvenile court to modify the restraining order to allow peaceful contact between Karina and Armando to arrange for visitation.

This issue, whatever its merit, is not properly before us. Even if the express terms of the custody order directing the parties to agree to a visitation schedule did not impliedly limit the no-contact provision of the restraining order, Armando did

12

not ask the juvenile court to modify the restraining order during the July 6, 2021 hearing at which the court terminated dependency jurisdiction and described the custody order it would enter, the subjects of this appeal; and the court, appropriately, did not make any ruling on a request not made. (Cf. *People v. Beames* (2007) 40 Cal.4th 907, 923 [trial court did not err in failing to grant a continuance in the absence of a request].)

The time to appeal the terms of the September 11, 2020 restraining order had long since passed when Armando filed his notice of appeal in this case on July 20, 2021. (See Cal. Rules of Court, rule 8.406(a)(1) [notice of appeal must be filed within 60 days after entry of the making of the order being appealed].) Armando's proper recourse is to ask the family court, which now has jurisdiction over custody and visitation issues, to make any necessary modifications in the orders relating to those matters. (See § 362.4, subd. (b).)

## DISPOSITION

The orders terminating jurisdiction and awarding sole legal and physical custody of the children to Karina, with unmonitored visitation for Armando, are affirmed. The request to remand to allow modification of the September 11, 2020 restraining order is dismissed as an untimely appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

14