Filed 1/5/23  In re C.B. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| In re C.B., a Person Coming Under the Juvenile Court Law. | |
| IMPERIAL COUNTY DEPARTMENT OF SOCIAL SERVICES, | D080868 |
| Plaintiff and Respondent, | (Super. Ct. No. JJP000742) |
| v. | |
| T.B., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Imperial County, Marco D. Nunez, Judge.  Affirmed.

Christine E. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Eric R. Havens, County Counsel, Kelly Ranasinghe, Deputy County Counsel, for Plaintiff and Respondent.

T.B. (Mother) appeals from the juvenile court's August 22, 2022 exit orders terminating dependency jurisdiction over her son, C.B.; awarding sole legal and physical custody of C.B. to D.B. (Father); and establishing specific

dates for visitation, but failing to designate an exchange location or specify who was responsible for C.B.'s visitation transportation costs. Mother contends the orders provided Father with the sole discretion to determine whether he would demand that she pay for visits and thus improperly delegated to him the authority to determine whether visitation would actually occur. Because this improper delegation constitutes an abuse of the juvenile court's discretion, she requests that we vacate the exit orders and remand the matter for a new hearing.[1] We disagree with Mother's contentions and affirm.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In December 2019, the Imperial County Department of Social Services (the Department) filed a Welfare and Institutions Code section 300[3] petition alleging that Mother was neglecting 14-year-old C.B. based on, among other things, her history of overdosing on prescribed medication. At the detention hearing, the court made a prima facie finding and temporarily placed C.B. with Mother. At this time, Father lived in Texas and visited C.B. once or twice a year for about ten days at a time. At the disposition hearing in February 2020, the court declared C.B. a dependent, maintained him with Mother and ordered the Department to provide family maintenance services to Mother.

---

[1] Mother does not challenge the remainder of the juvenile court's exit orders.

[2] Our summary of the facts and procedural history is limited to provide context relevant to the single issue presented in this appeal.

[3] Undesignated statutory references are to the Welfare and Institutions Code.

In July 2020, the Department filed a section 387 supplemental petition to remove C.B. from Mother based on several acts of neglect and her failure to participate in family maintenance services. At the detention hearing, the court made a prima facie finding, removed C.B. from Mother's custody and detained him in foster care. After several continuances, in August 2020, the juvenile court made a true finding on the 387 petition. At a contested disposition hearing in November 2020, the juvenile court declared C.B. a dependent, removed him for his parents' custody and maintained him in foster care. In April 2021, the Department returned C.B. to Mother.

In February 2022, the Department filed another supplemental section 387 petition alleging a string of substance abuse related incidents regarding Mother dating back to April 2021. The court removed C.B. from Mother and released him to Father under family maintenance services. At the detention hearing, the court ordered C.B. temporarily removed from Mother's custody and temporarily placed him with Father in Utah. At the jurisdiction hearing in May 2022, the court made a true finding on the 387 petition. At the contested disposition hearing in August 2022, the juvenile court removed C.B. from Mother's custody; granted sole physical and legal custody to Father; set a visitation schedule for Mother; and terminated jurisdiction.

DISCUSSION

Mother asserts the juvenile court's failure to designate a visitation exchange location or specify who was responsible for C.B.'s transportation costs to attend visits improperly delegated to Father the authority to determine whether visitation would actually occur. The Department contends Mother waived the alleged error by failing to object to the visitation order or even mentioning the costs of transportation or place of exchange at the contested hearing. In her reply brief, Mother submits that her request

3

for findings and orders diametrically opposed to those issued by the juvenile court established that she was, by default, objecting to the totality of the juvenile court's contrary findings and orders and thus preserved any issue regarding those findings and orders for appeal.

A party generally forfeits the right to claim error as grounds for reversal on appeal when he or she fails to object in the trial court. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221-222.) Principles of forfeiture apply in dependency litigation and preclude a party from "standing by silently" until the conclusion of the proceedings. (*Id.* at p. 222.) An "appellate court's discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) That discretion must be exercised "with special care" in dependency proceedings because they involve considerations of permanency and stability of children, which are issues of "paramount importance." (*Ibid.*)

Although Mother generally objected to the court's exit orders by proposing alternate orders, she failed to specifically object to the orders on the ground they improperly delegated judicial power to Father. (*In re Riva M.* (1991) 235 Cal.App.3d 403, 411-412 ["As a general rule, a party is precluded from urging on appeal any point not raised in the trial court. [Citation.] Any other rule would ' " 'permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not.' " ' "]) Additionally, it is the appellant's "duty to point out portions of the record that support the position taken on appeal." (*Del Real*

4

*v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) "The appellate court is not required to search the record on its own seeking error." (*Ibid.*)

Here, Mother provided no citation to the record showing that transportation costs and place of exchange were ever at issue during the over two and one-half years that this dependency case had been pending. Nonetheless, we searched the record and found no references regarding transportation costs or place of exchange, either before or after C.B. started residing with Father in February 2022. If Mother had timely raised transportation costs and place of exchange as being issues that would impede C.B.'s ability to visit her, the juvenile court could have addressed these issues before it terminated jurisdiction. Mother has forfeited these issues and has not persuaded us that the forfeiture rule is inapplicable or should be excused.

Even assuming Mother did not forfeit her challenge, we would reject it on the merits. A juvenile court is authorized to issue exit orders addressing custody and visitation when terminating dependency jurisdiction over a child.[4] (§ 362.4, subd. (a); *In re T.S.* (2020) 52 Cal.App.5th 503, 513.) "When making a custody determination under section 362.4, 'the court's focus and primary consideration must always be the best interests of the child.' " (*In re T.S.* at p. 513.) Judicial power granted the courts under the state Constitution cannot be delegated, except for subordinate judicial duties. (Cal. Const., art. VI, § 22.) This rule applies in cases involving child custody and visitation rights. (*In re Donnovan J.* (1997) 58 Cal.App.4th 1474, 1477-1478 [therapists improperly given discretion to decide if visitation was appropriate].) "A visitation order may delegate to a third party the

---

[4]    The exit orders become part of the family law file and remains in effect "until modified or terminated by a subsequent order of the superior court." (§ 362.4, subds. (b), (c); see Cal. Rules of Court, rule 5.700.)

responsibility for managing the details of visits, including their time, place and manner," but may not "delegate discretion to determine whether visitation will occur, as opposed to simply the management of the details." (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1123.)

Here, Mother contends the juvenile court's failure to address transportation for visitation or the place of exchange will necessarily result in visitation not occurring because Father could determine he will not pay for C.B.'s transportation and if Mother was unable to pay for the transportation costs then visitation would not occur. We disagree and conclude the order is akin to that in *In re Chantal S.* (1996) 13 Cal.4th 196 (*Chantal S.*).

In *Chantal S.*, *supra*, 13 Cal.4th 196, the California Supreme Court upheld a visitation order that provided the father's visitation was "to be facilitated by [Chantal's] therapist," and required the father to first attend and make satisfactory progress, as determined by his therapist, in individual psychotherapy before he could begin visiting with his child. (*Id.* at pp. 202, 213-214.) The father in *Chantal S.* argued the visitation order unlawfully delegated to the child's and the father's therapists the discretion to determine whether visitation will occur. (*Id.* at p. 213.) The California Supreme Court determined the order that visitation be facilitated did not vest the therapists with " 'absolute' " discretion to determine whether visitation should occur. It gave the child's therapist "no discretion whatsoever" and "appear[ed] designed merely to mandate that Chantal's therapist cooperate with the court's order that visitation occur once certain conditions are met." (*Ibid.*)

Similarly here, the exit orders do not vest Father with "absolute" discretion to determine whether visitation will occur. The orders give Father no discretion whatsoever because, as Mother concedes, the orders include a visitation schedule. Additionally, Mother has not referred us to anything in

6

the record supporting her contention that Father's refusal to pay for C.B.'s visits would prevent C.B. from visiting her.  Should transportation costs or location of exchanges become an obstruction to C.B.'s visitation with Mother the parties "would be permitted to raise those claims in the family court, and a family court judge would make the final decision" on those issues.  (See, e.g., *Chantal S.*, *supra*, 13 Cal.4th at p. 214; *In re A.B.* (2014) 230 Cal.App.4th 1420, 1439 [upon termination of dependency jurisdiction, "the noncustodial parent's interests in custody and visitation can be heard in the family law court"]; § 302, subd. (d).)

## DISPOSITION

The exit orders are affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

BUCHANAN, J.

7