Filed 4/1/16  In re J.P. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.P., a Person Coming Under the Juvenile Court Law. | B265891 (Los Angeles County Super. Ct. No. CK66721) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAISY N., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry T. Truong, Juvenile Court Referee.  Affirmed.

Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

_____

Daisy N. (mother) appeals from the dependency court's June 2, 2015 order denying without a hearing her petition to change court orders under Welfare and Institutions Code section 388.[1]  Mother also appeals the court's juvenile custody and visitation orders denying her joint legal custody and granting monitored visitation with her children, contending those orders constituted prejudicial error.  We affirm.

## FACTS AND PROCEDURAL HISTORY

This case involves mother's four minor children, an eleven-year-old boy, a nine-year-old boy, a seven-year-old girl, and a two-year-old girl, all of whom currently live with Juan R. (father).[2]  Mother and father separated in 2011.  Father is the presumed father of all four children, and biological father to the youngest three.  The family has an extensive history of child welfare referrals, but the current case came to the attention of the Los Angeles County Department of Children and Family Services (Department) through a referral to the child abuse hotline in April 2014.  The reporting party had observed a glass pipe that smelled of methamphetamine in father's closet.  The Department learned during its investigation that mother had custody of the eleven-year-old boy and the seven-year-old girl, and there was no family law order with respect to the two-year-old girl.  Despite the custody orders and concerns about substance use in father's home, mother permitted all four children to live with father.  During an interview at father's home, the two-year-old handed the social worker a broken glass pipe with white/tan/black residue, identifying the pipe as possibly belonging to a paternal uncle who resided in the home.  Based on continuing concerns about mother's psychological

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise stated.

[2] Father is not a party to this appeal.  Mother also has a daughter who is 20 years old, who was not a party to the dependency proceeding.

state and the children's safety in father's home, the Department detained the children and filed a dependency petition in July 2014.

The dependency court exercised jurisdiction over the children after a contested hearing on September 24, 2014. At a separate disposition hearing on October 6, 2014, the court ordered random drug testing and a parenting class for father and placed all four children with him. For mother, the court ordered enhancement services,[3] including a full drug and alcohol program, a 12-step program, and random drug testing every other week, plus a mental health evaluation and individual counseling to address case issues, including mother's depression and delusional behavior. The court gave mother monitored visits with the children for a minimum of two hours, three times a week.

Mother had no contact with the Department or her children between October 2014 and January 2015, with only one exception. She had one brief phone call with the children on Christmas day, when she had called maternal grandmother's home and the children happened to be at the home. She missed seven random drug tests during that time frame.

Mother was admitted to a residential treatment program in mid-January of 2015. When the social worker met with mother at the residential treatment program at the end of January, mother stated she had shut everyone off because she was dealing with her own depression and she did not want to hear her family's disappointment about her children being released to father. The younger children did not want to see mother, but the social worker encouraged mother to start making telephone contact with the children and she would meet with the children in February to discuss visits. Mother said she understood why the children did not want to see her, and that she would start telephone calls with them.

---

[3] Enhancement services are "not designed to reunify the child with that parent, but instead to enhance the child's relationship with that parent by requiring that parent to address the issues that brought the child before the court." (*In re A.C.* (2008) 169 Cal.App.4th 636, 642, fn. 5.)

A March 15, 2015 progress report from the residential treatment program stated that mother had attended eight individual counseling sessions and 48 education classes in topics such as substance use disorder education, relapse prevention and early recovery skills, life skills, family dynamics, mindfulness, exercise, and continuum of care exit planning. The progress report did not specify which classes mother had taken. According to the progress report, mother had attended forty 12-step meetings and had submitted urine for testing four times. Her initial test at intake was positive for THC, but the later tests were negative for all substances, including alcohol. Mother reportedly had obtained transitional housing and planned to get a sponsor and continue attending 12-step meetings in the community. Mother had a scheduled discharge date of April 16, 2015.

According to Department reports, mother was a "no show" for seven random drug tests between January 23, 2015 and May 18, 2015. A report dated June 2, 2015, commended father for maintaining a healthy and sober lifestyle, making positive changes in his life, and demonstrating that his children are his priority and he can provide them a safe and stable home. The Department recommended that the court terminate jurisdiction and grant father sole legal and physical custody of the children, with monitored visitation for mother.

On June 2, 2015, the date of the six-month review hearing under section 364, mother filed a petition under section 388, seeking a change to the court's October 2014 order of enhancement services and monitored visitation. Mother asked the court to order "unmonitored visits for children in a public area conditioned on the mother testing regularly and consistently and discretion for overnights." The court denied mother's petition without a hearing.

At the review hearing, mother offered stipulated testimony, agreed to by all parties, that mother called the social worker when she graduated from her program on April 16, 2015, and had given the social worker an address and phone number. The social worker only arranged for one visit and did not say anything about testing. Father told mother he would not arrange visitation because she needed a monitor. Lastly, mother had a 90-day chip. Mother asked the court to order joint legal custody and

4

unmonitored visitation. Counsel for the minors, father, and the Department all asked the court to award sole legal and physical custody of the children to father, with monitored visits for mother, which the court granted.

## DISCUSSION

### 388 Petition

Mother contends the lower court erroneously denied her section 388 petition without a hearing. We disagree.

"We review the juvenile court's denial of a section 388 petition for an abuse of discretion. [Citation.]" (*In re Mickel O.* (2011) 197 Cal.App.4th 586, 616.) The court abuses its discretion when a decision is arbitrary, capricious, or patently absurd or exceeds the bounds of reason. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319 (*Stephanie M.*).) "When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479.)

To prevail on a section 388 petition, the moving party must establish by a preponderance of the evidence that (1) new evidence or changed circumstances exist and (2) the proposed change would promote the best interests of the child. (*Stephanie M*., *supra*, 7 Cal.4th at pp. 316-317.) Although the petition should be liberally construed in favor of granting a hearing to consider the parent's request, a hearing is only required if the moving party makes a prima facie showing of changed circumstances *and* that the proposed change would promote the best interests of the child. (*In re Edward H.* (1996) 43 Cal.App.4th 584, 592-593.) "The prima facie requirement is not met unless the facts alleged, if supported by evidence given credit at the hearing, would sustain a favorable decision on the petition. [Citation.]" (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.) The juvenile court may consider the entire factual and procedural history of the case in deciding whether to grant a hearing on a petition under section 388. (*In re Justice P.*

(2004) 123 Cal.App.4th 181, 188-189.)  The asserted change in circumstances "must be of such significant nature that it requires a setting aside or modification of the challenged order."  (*In re A.A.* (2012) 203 Cal.App.4th 597, 612.)  In assessing the best interests of the child, "a primary consideration . . . is the goal of assuring stability and continuity."  (*Stephanie M.*, *supra*, 7 Cal.4th at p. 317.)

Even assuming mother could establish that her participation in and completion of a residential drug treatment program constituted a significant change in circumstances (*In re A.A.*, *supra*, 203 Cal.App.4th at p. 612), mother did not make a prima facie case that the requested change might be in the children's best interests.  Mother's petition claimed unmonitored visits would be in the children's best interests because "mother has resolved the issues which brought the children into the system, and has continued to work on maintaining her growth and understaning [*sic*] and importance in keeping a clean and healthy life style and is now at sober living; healthy for the children to be able to be with the mother in an unmonitored and more relaxed enviroemnt [*sic*] since the mother can provide an safe and nuturing [*sic*] environment on the visits and help their relationship grow."  In *In re Angel B.* (2002) 97 Cal.App.4th 454, 461 (*Angel B.*), the appellate court affirmed the denial of a hearing for a mother who was seeking reunification services or supervised custody of her child, where the mother had enrolled in a residential drug treatment program, tested clean for four months, had regular visits with child, and obtained employment.  Here, unlike the mother in *Angel B.*, mother's proffered rationale ignores the broader circumstances that she had utterly failed to maintain contact with her children in any meaningful way for over six months and had never appeared for a Department-approved drug test.  Refusing mother's request for a hearing on her section 388 petition was not an abuse of discretion given the circumstances of this case.

**Custody and Visitation Orders**

Mother contends the dependency court erroneously entered orders granting father full legal custody and requiring monitored visitation for mother.  We find no abuse of

discretion, because the court's custody and visitation orders are supported by substantial evidence.

When the dependency court terminates jurisdiction, it has authority to make orders addressing custody and visitation. (§ 362.4; *In re T.H.* (2010) 190 Cal.App.4th 1119, 1122-1123.) We review those orders for abuse of discretion. (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300.) Custody determinations are not disturbed in a dependency proceeding in the absence of an arbitrary, capricious, or patently absurd exercise of discretion. (*Stephanie M.*, *supra*, 7 Cal.4th at pp. 318-319; *In re Maya L.* (2014) 232 Cal.App.4th 81, 102.) Where substantial evidence supports the order, there is no abuse of discretion. (*In re Daniel C. H.* (1990) 220 Cal.App.3d 814, 839.) "It is not our function to weigh the credibility of the witnesses or resolve conflicts in the evidence. [Citation.] Rather we must indulge in all reasonable inferences to support the findings of the juvenile court and must review the record in the light most favorable to the juvenile court's orders." (*Ibid.*)

The dependency court's custody and visitation orders focus on the child's best interests. (*In re Chantal S.* (1996) 13 Cal.4th 196, 206; *In re Nicholas H.* (2003) 112 Cal.App.4th 251, 268.) On custody issues, while family law has a presumption favoring joint custody, the California Supreme Court has held that "application of a family-law-based joint custody presumption would be inconsistent with the purpose of juvenile court law." (*In re Chantal S.*, *supra*, at p. 206.) Instead, the dependency court, "'which has been intimately involved in the protection of the child, is best situated to make custody determinations based on the best interests of the child without any preferences or presumptions.' [Citation.]" (*Ibid*.)

Here there was substantial evidence to support the court's decision to require monitored visitation, as mother had failed to appear for drug testing by the Department on 14 separate occasions, and only had one monitored visit with her children over the course of nine months. While mother argues that she was unable to drug test while in the residential treatment facility, it is not unreasonable for the court to draw an inference based on her history that her inability to appear for drug testing warranted continued

7

monitored visits, at least until mother could submit to testing and demonstrate an ability to visit with the children successfully in a monitored setting. Mother also has not pointed to any evidence that would counter the court's determination that it was in the children's best interests to remain in father's sole legal and physical custody. On these facts, we find no abuse of discretion.

## DISPOSITION

The order denying mother's petition under section 388 and the order granting father legal custody and mother monitored visitation are affirmed.

KRIEGLER, Acting P. J.

We concur:

BAKER, J.

KUMAR, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.