Filed 12/18/24  In re D.W. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re D.W. et al., Persons Coming Under the Juvenile Court Law. | B332889 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 18LJJP00669) |
| Plaintiff, | |
| v. | |
| Dedric W., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Philip L. Soto, Judge.  Affirmed.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff.

————————————

Dedric W. (Father) appeals the visitation order the juvenile court entered when it terminated jurisdiction over his children, Da.W. (age 3), De.W. (age 2), and De-R.W. (age 2). He argues the juvenile court improperly delegated its authority over his visitation to the children's mother, Laquida R. (Mother), by allowing her to approve the monitor and, if she does not, requiring him to pay for any professional monitor she chooses. Father forfeited this argument by failing to raise it before the juvenile court. We affirm.

## PROCEDURAL BACKGROUND

In June 2022, the Los Angeles County Department of Children and Family Services (the Department) filed a dependency petition on behalf of Mother's nine children, including the three for which Father is the presumed father.

Following a jurisdiction hearing, at which Father appeared, in custody, the juvenile court sustained eight counts as to Father under Welfare and Institutions Code section 300, subdivisions (a), (b), and (j), finding his conduct endangered the children's physical health and safety and placed them at risk of serious harm. Specifically, the court found true that (1) Father engaged in a violent altercation with the children's maternal aunt that resulted in Father's arrest for assault with a deadly weapon (counts a-1, b-1, and j-1); (2) Father had a history of violent altercations with Mother (counts a-2, b-2, and j-2); and (3) Father had a criminal history based on his violent conduct (counts b-4 and j-4). The court also sustained two allegations as to Mother based on her failure to protect the children from Father's violent altercations with her (counts b-2 and j-2). Upon the Department's request, the court dismissed three counts alleging

2

Father had a history of violent altercations with a previous female companion.

The court removed the children from Father and released them to Mother's custody. The court ordered enhancement services for Father and granted him monitored visitation in a neutral setting with Mother not allowed to monitor.[1]

At the 12-month review hearing in October 2023, the Department requested the court terminate jurisdiction over the children with orders for sole physical and legal custody for Mother and monitored visitation for Father. Father was not present, but was represented by counsel, who did not oppose the Department's request. His counsel noted that Father "has had some issues and that there has been some thwarting with visitation" and asked the court for a written visitation schedule. Counsel added that she had reached out to Mother's counsel "to try to get a list of monitors that Mom would be in agreement with so that we can at least have some visitation in the books, and there doesn't have to be any conversation between Mother and Father afterwards." The court expressed its belief that counsel could work the situation out.

The court then addressed Mother, explaining that although it was closing the dependency case and giving her sole custody, "[t]here will be monitored visits for [Father], and we will work things out for a written visitation schedule for him with a neutral monitor that you two can agree upon. And if you can't agree on a

---

[1]     We dismissed Father's appeal from the jurisdiction findings and disposition orders after Father did not file a response to his appointed counsel's brief raising no arguable issues for the court's consideration. (See *In re Phoenix H.* (2009) 47 Cal.4th 835, 843, 846.)

monitor, it will be a professional paid for by him." The court explained that a father of one of Mother's other children would have the same visitation rights. The court then emphasized, "The arrangements for these are entirely up to you, but you have to give [the fathers] some kind of visits or else [the other father is] going to take you to family law to demand visits with his child. And [Father] could be doing the same thing. [¶] But we will be closing this case today. There will be no more dependency case. If the fathers are not happy with your decisions about visits, they need to take you to the family law court. They will not be permitted to come back to this court. And then that way a family law judge can decide on who is right and who is not and what to do about it."

With no objection from any party, the court terminated jurisdiction but stayed termination pending entry of a juvenile custody order. Thereafter, Mother stated she objected to Father's right to visitation. The court responded that Father had "a right to a visit with a monitor that you all can agree on" and told Mother to talk with her counsel.

The corresponding minute orders state: "Father to have monitored visits with a neutral monitor/location or with a professional paid for by father. [The Department] to provide father with a written visitation schedule."

Two weeks later, with Father's counsel present, the court signed a juvenile custody order and lifted the stay of termination. The order states: "Monitored visits for the father once per week on Saturday from 12:00 noon to 4:00 pm or as arranged by the parties." The order further provides: "Father will confirm his intent to visit the [children] at least 24 Hours in advance of the scheduled visit or the visit is canceled. Monitor as agreed to by

4

the parties.  If the parties cannot agree on a monitor then the mother may choose a monitor.  If mother chooses a professional monitor the father shall pay for the monitor."  The order explains that Father's visitation was to be monitored because he had not completed previously ordered domestic violence treatment, parenting classes, and individual counseling.

Father timely appealed.[2]

## DISCUSSION

"When a juvenile court terminates its jurisdiction over a dependent child, it is empowered to make 'exit orders' regarding custody and visitation."  (*In re T.H.* (2010) 190 Cal.App.4th 1119, 1122 (*T.H.*).)  As to visitation, the juvenile court "may delegate to a third party the responsibility for managing the details of visits, including their time, place and manner," but the court must retain " 'the ultimate supervision and control over' " whether visitation will occur.  (*Id.* at p. 1123; accord, *In re Armando L.* (2016) 1 Cal.App.5th 606, 616 ["The power to determine the right and extent of visitation by a noncustodial parent in a dependency case resides with the juvenile court and may not be delegated to nonjudicial officials or private parties, including the parents themselves."].)  This rule of nondelegation applies to exit orders, which we review for an abuse of discretion.  (*T.H.*, at p. 1123; see *In re M.R.* (2017) 7 Cal.App.5th 886, 902.)

Father argues the juvenile court improperly delegated judicial authority over his visitation to Mother.  He contends

---

[2]    The Department and the children's trial counsel submitted letters taking no position in Father's appeal.  Mother likewise did not respond or request appointment of counsel upon notice from this court.

5

Mother can refuse to agree on a monitor, at which point she will have unilateral authority to pick a professional monitor that he cannot afford. In essence, Father asserts, Mother has an "effective veto power" over his "illusory" right to visitation.

Father did not object to the exit order or otherwise raise the visitation issue before the juvenile court that he now presents on appeal. Therefore, he forfeited his challenge. (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293; *Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 686.) While we have discretion to consider forfeited issues, our discretion to excuse forfeiture "should be exercised rarely and only in cases presenting an important legal issue." (*S.B.*, at p. 1293.) Father has not presented an important legal issue for our review. Instead, the manner in which his visitation shall be monitored was a discretionary decision based on the particular facts and circumstances of this case.

In any event, Father's challenge does not have merit. Father compares his case to *In re S.H.*, which reversed a juvenile court order that stated, " 'if the children refuse a visit, then they shall not be forced to have a visit.' " (*In re S.H.* (2003) 111 Cal.App.4th 310, 313.) In so doing, this court explained that, "by failing to mandate any minimum number of monitored visits per month or even to order that *some* visitation *must* occur each month, the [juvenile] court's abstract recognition of [the mother's] right to visitation is illusory, transforming the children's ability to refuse 'a visit' into the practical ability to forestall any visits at all." (*Id.* at p. 319.) Contrary to Father's claim, the order at issue here does not give Mother similar ability to effectively veto any visitation. Rather, it mandates Father shall have a minimum of four hours of visitation every week. (Cf. *T.H.*, *supra*, 190 Cal.App.4th at pp. 1123-1124 [abuse of discretion to order

supervised visitation "upon the 'agreement of the parents' " because order granted custodial parent "effective veto power" over visitation]; *In re Hunter S.* (2006) 142 Cal.App.4th 1497, 1505 [abuse of discretion to order monitored visitation " 'as can be arranged' " because order granted child "virtually complete discretion to veto visitation"].)

## DISPOSITION

The juvenile court's exit order is affirmed.

STONE, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.